HENRY HATCH *v.* ADDI M. FOSTER.

*Party to contract.*

The plaintiffs partner, H., purchased a horse of one K. with an agreement to let the plaintiff have him at the same price, if he wished. The horse was kept, and fed and used with other horses, belonging to the plaintiff and the said H., in their partnership business, for eight or ten days; when the plaintiff, without ever having signified to H. his intent to take the horse, exchanged him with the defendant for another horse and $50, boot money, which the defendant agreed to pay. The horse obtained of the defendant was by a subsequent agreement of the plaintiff and H. sent to market and sold on their joint account. *Held,* that the $50, boot money, was properly charged, and could be recovered for in the name of the plaintiff alone.

BOOK ACCOUNT. The principal item in dispute between the

parties was a charge in the plaintiff's account against the defend-ant for "horse boot, $50," which the defendant objected to as being a claim in favor of the plaintiff and one Gilman Henry, jointly, and not in favor of the plaintiff alone; and in reference thereto the auditor reported the following facts.

In 1852, the plaintiff and said Henry were associated together as partners in prosecuting a freighting business, between Wood-stock Village and the Woodstock station, on the Vermont Central railroad, in which business they employed several horses. Henry managed the business and was paid an agreed compensation for his services.

In August, 1852, Henry purchased a horse of one Kinney, pay-ing one hundred dollars, out of his private funds. The plaintiff had previously had negotiations with Kinney about the same horse, and offered him a hundred dollars for it. Kinney regarded him-self under obligation to let the plaintiff have the horse if he sold him for that price, and accordingly agreed with Henry, at the time of the sale to him, to pass the horse over to the plaintiff in case the plaintiff should conclude to take him and pay the hundred dollars on his return, the plaintiff then being absent from home. When the plaintiff returned home some days after, Henry informed him of the transaction, and that he could have the horse for his private purposes, if he desired, agreeably to the arrangement with Kinney. To this the plaintiff made no reply. Nothing further was said or done in regard to the matter for some eight or ten days, —the horse in the mean time being kept in the stable with the team horses of Hatch & Henry, and fed from their hay and grain, and was occasionally used in collecting in, or distributing freight. After this lapse of time, some eight or ten days, the plaintiff, with-out further communication with Henry, withdrew said Kinney horse from the stables of Hatch & Henry, and exchanged him for a horse of the defendant, the defendant agreeing to pay fifty dol-lars boot-money between the two, being the horse-boot charged in the plaintiff's account. Henry made no objection to the trade, and subsequently agreed with the plaintiff to send the horse receiv-ed from the defendant, in said exchange, to market on joint account, and share the profit and loss. The horse was sent to market and sold in pursuance of this arrangement, and a profit made upon

him, which was divided between the plaintiff and said Henry.

The auditor allowed the item of fifty dollars for boot-money, as charged in the plaintiff's account, subject to the judgment of the court, upon the facts detailed, as to the right of the plaintiff to recover the same; and with that allowance found the balance in the plaintiff's favor to be $43,33.

The county court, May Term, 1854,—COLLAMER, J., presiding, —rendered judgment in favor of the plaintiff for the balance reported by the auditor.   Exceptions by the defendant.

*Washburn & Marsh* for the defendant.

*Converse & Barrett* for the plaintiff.

The opinion of the court was delivered by·

REDFIELD, CH. J.   The only question in this case is, whether the "horse boot" was properly charged in plaintiff's account, or really belonged to Hatch & Henry.   It seems to us this must be regarded as settled by the auditor.   The purchase of the horse by Henry, with his own money, must be regarded as vesting the property in him personally, and not in behalf of the partnership, and this would so remain, unless by agreement, express or implied, it came into the partnership.   There is no pretence of any express agreement to that effect.   Some of the testimony tended to prove such a result by way of implication, as that the horse was put into the company barn, and kept on company fodder, and to some extent, for eight or ten days, employed in the company business.   But this is perfectly consistent with a desire to wait till the plaintiff made his election whether to take the horse or not, he having such an option, by the contract made with Henry.   And in the meantime it would be desired naturally enough, that the horse might earn his keeping.

But it seems to have been the expectation, if the plaintiff elected to take the horse, it would be on private account, and that he did elect so to take the horse, and withdrew the horse from the company stables, and exchanged him with defendant, and to this Henry did not object, which is equivalent to acquiescence.   It seems difficult to make anything else of this, then, but that plaintiff took the horse

under the reservation in Henry's contract, and by his consent. This, then, must be regarded as vesting the property in plaintiff in his private and personal capacity and not on partnership account. There is nothing to show that either partner had any authority to buy horses on joint account; and the agreement, that the horse received of defendant should be sold on joint account, would as naturally indicate that it was not joint property before, perhaps more so.   And the case does not show that the defendant, at the time of the exchange, supposed it was partnership property and the "boot" payable to them.   If that were so, he would be entitled ordinarily to set off his account, certainly, if he was fairly justified in regarding it as a partnership transaction.

Judgment affirmed.